UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: ANDREW DELANEY

1:25-CV-0963 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Andrew Delaney, who resides in the Republic of the Philippines and is appearing *pro se*, seeks to remove to this court his bankruptcy case that is pending in the United States Bankruptcy Court for the Eastern District of New York. *See In re: Andrew John Delaney*, No. 1:20-44372 (Bankr. E.D.N.Y.). By order dated February 3, 2025, this Court granted Delaney's request to proceed in this court *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court remands this action to the United States Bankruptcy Court for the Eastern District of New York.

## DISCUSSION

Delaney seeks to remove this action under 28 U.S.C. § 1452(a).[1] Under that provision, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." 28 U.S.C. § 1452(a). Delaney seems to assert that his counterclaims in a civil action pending in this court, *HC2, Inc. v. Messer*, No. 1:20-CV-3178 (LJL) (S.D.N.Y.),[2] and his claims in a civil action pending in the New York Supreme Court, New York County, *Delaney v. Sullivan & Cromwell LLC*, Index No. 657556/2019 (N.Y. Sup. Ct., New

---

[1] Delaney also cites 28 U.S.C. § 1334(c), 28 U.S.C. § 157(b)(5), and 28 U.S.C. § 1411, but none of those statutory provisions is a basis to remove an action.

[2] Delaney is not a party in that action, having been substituted, via court order, by Gregory Messer, a Chapter 7 Bankruptcy Trustee. (ECF 1:20-CV-3178, 144.) The court, in that action, has informed Delaney that he is a nonparty in that action, and that he is not permitted to file documents in that action without being granted leave to intervene. (ECF 1:20-CV-3178, 165.)

York Cnty.),³ are assets that are outside the jurisdiction of the abovementioned bankruptcy court that allow for the removal of his bankruptcy case to this court. (*See* ECF 1, at 1-2.)

Section 1452(a)'s reference to "any claim or cause of action in a civil action" does not, however, encompass a bankruptcy case that is pending in a United States Bankruptcy Court, including any such case that is pending in such a court in another judicial district; it refers to any claim or cause of action in a civil action that is pending *in a state court*, and that provision allows for removal of such a claim or cause of action to the federal district court for the judicial district where the state court is located in which that claim or cause of action is pending, so long as that federal district court has bankruptcy jurisdiction of the claim or cause of action. § 1452(a); *see In re Coudert Bros. LLP*, 673 F.3d 180, 184 (2d Cir. 2012) ("In March 2007, Coudert removed the Connecticut action to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1452, which allows for removal of any *state court action* over which there is bankruptcy jurisdiction." (footnote omitted, emphasis added)); *In re WorldCom Sec. Litig.*, 496 F.3d 245, 248 (2d Cir. 2007) ("[T]he Appellants' *state-court actions* were removed to federal court under 28 U.S.C. § 1452(a), which permits removal *from state courts* of actions falling within the federal courts' bankruptcy jurisdiction." (emphasis added)); *ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*, 565 B.R. 241, 247-48 (S.D.N.Y. 2017) (With respect to Section 1452(a), "Congress has provided for the removal of bankruptcy-related claims or actions to the federal district court for the district in which *the state action* is pending. . . . Congress could have enacted a statute providing for the removal of *[state-court] cases* to the district in which the related bankruptcy case is pending, but it did not. Instead, Congress provided for removal *[of a*

---

³ According to the New York State Unified Court System's website, https://perma.cc/J6RZ-9Y6J, that state court action is classified as "disposed."

*state-court claim or cause of action]* to the district court for the district where the related *state court claim or cause of action* is pending." (emphasis added)); *Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.*, 277 B.R. 5, 11 (S.D.N.Y. 2002) ("On October 24, 2001, the Bondholders and defendant Chanin removed the Action to this Court pursuant to 28 U.S.C. § 1334(b) and § 1452, which provides that *a state court case* related to a bankruptcy proceeding may be removed to the federal court within the same district as the pending state court action." (emphasis added)); *Arstk, Inc. v. Audre Recognition Sys., Inc.*, No. 1:95-CV-10519 (LAK), 1996 WL 229883, at *4 (S.D.N.Y. May 7, 1996) ("Section 1452(a) . . . permits removal from the *state courts* of actions falling within the terms of Section 1334." (emphasis added))

Here, Delaney, a Harvard-educated lawyer whose name has been stricken from the attorney admission rolls of this court, and who has resigned from the New York bar,[4] does not seek to remove any claim or cause of action pending in a state court located within this judicial district[5]; he seeks to remove *a bankruptcy case pending in a federal bankruptcy court located in another judicial district to this federal district court*. Such a removal is improper. The Court therefore remands this action to the United States Bankruptcy Court for the Eastern District of New York. *See In re Vantage Steel Corp*, 125 B.R. 880, 893 (Bankr. S.D.N.Y. 1991) ("Remand is

---

[4] Normally, a court must afford special solicitude to a *pro se* litigant. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). But "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented. The ultimate extension of this reasoning is that a lawyer representing himself ordinarily receives no such solicitude at all." *Id.* at 102 (citations omitted).

[5] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* 28 U.S.C. § 112(c).

. . . proper if the court finds that the removal fails to comply with the substantive requirements for removal found in 28 U.S.C. § 1452(a).").

## CONCLUSION

Because removal of the bankruptcy case is improper, the Court remands this action to the United States Bankruptcy Court for the Eastern District of New York.

The Court directs the Clerk of Court to mail a copy of this order to the Clerk of the United States Bankruptcy Court for the Eastern District of New York at the Conrad B. Duberstein United States Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, New York 11201-1800.

This order closes this action in this court.

SO ORDERED.

Dated:   February 11, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge