UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: ANDREW DELANEY.

1:25-CV-0963 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated and entered on February 11, 2025, the Court held that Andrew Delaney's *pro se* removal of this bankruptcy case to this court—a case that had been pending in the United States Bankruptcy Court for the Eastern District of New York—was improper, and the Court remanded this action to that court. (ECF 6.) Ten days later, on February 21, 2025, Delaney filed a "motion to vacate remand order," seeking relief from that order under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). (ECF 7.) While Delaney, a former attorney, is likely not eligible for any degree of special solicitude, including any that is normally afforded to an inexperienced non-attorney *pro se* litigant, *see Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010), with such solicitude, the Court construes his motion as seeking relief from the abovementioned remand order, under both Local Civil Rule 6.3 (reconsideration relief) and under Rule 60(b). For the reasons set forth below, the Court denies Delaney's motion

## DISCUSSION

### A.      Local Civil Rule 6.3 reconsideration relief

The Court understands that Delaney is seeking reconsideration relief under Local Civil Rule 6.3 with respect to the Court's February 11, 2025 remand order. A party who seeks such relief must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The standard governing relief sought under Local Civil Rule 6.3 and relief sought under Rule 59(e) of the Federal Rules of Civil Procedure is the same. *Id.* at 508. "Such motions must

be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which . . . [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling." (internal quotation and citations omitted)).

Delaney has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to why the Court, in its February 11, 2025 order, deemed the abovementioned removal improper and remanded this action to the United States Bankruptcy Court for the Eastern District of New York.

**B.     Rule 60(b) relief**

Delaney also seems to seek Rule 60(b) relief with regard to the Court's February 11, 2025 remand order. Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Delaney's arguments, and even under a liberal interpretation of his motion, he has failed to demonstrate that any of the grounds listed in the first five clauses of

Rule 60(b) apply. The Court therefore denies relief under Rule 60(b)(1) through (5) with respect to the Court's February 11, 2025 remand order.

Inasmuch as Delaney seeks relief under Rule 60(b)(6), the Court must also deny such relief. "Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five [clauses]." *BLOM Bank SAL v. Honickman*, 605 U.S. ___, 145 S. Ct. 1612, 1619 (2025). A party seeking such relief must show that their motion was filed within a "reasonable time," Fed. R. Civ. P. 60(c)(1), and "demonstrate 'extraordinary circumstances' justifying relief." *Honickman*, 145 S. Ct. at 1621; *see Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

Delaney asserts nothing to suggest that there are extraordinary circumstances that justify vacating the Court's February 11, 2025 order remanding this bankruptcy case to the United States Bankruptcy Court for the Eastern District of New York, where it had been pending. The Court therefore also denies relief under Rule 60(b)(6).

## CONCLUSION

The Court construes Delaney's "motion to vacate remand order" as seeking reconsideration relief under Local Civil Rule 6.3 and relief under Rule 60(b) of the Federal Rules of Civil Procedure. For the abovementioned reasons, the Court denies the motion. (ECF 7.) The Court directs the Clerk of Court to terminate ECF 7.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    September 11, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge